GEORGE GILLEY *v.* PETER E. JARVIS.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 7, 1920.

*Courts—Concurrent Jurisdiction—Same Causes of Action—*
*Cross Suits for Negligence in Same Accident—Judgment for*
*Plaintiff in One Suit Conclusive as to. Negligence.*

1. Where plaintiff sued defendant in county court for damages sustained in an automobile collision, and later defendant sued plaintiff in municipal court for damages sustained in . the same collision, each party asserting it was due to the negligence of the other, the two suits were not for the same cause of action, and the issue of negligence found negatively in either suit would not settle the question as to whether the plaintiff in that action was guilty of negligence as alleged against him in the other suit.

2. The rule that, where two courts have concurrent jurisdiction of the parties and of the subject-matter, the court first acquiring jurisdiction has the right to proceed to its final determination without interference from the other, applies only where both suits are substantially the same, based on the same subject-matter, and seeking the same relief.

3. The pendency of the action in county court was no bar to proceeding with the suit in the municipal court, and the judgment rendered in the latter court for the plaintiff therein is valid in law until reversed or set aside by ·the Supreme Court on review.

4. The judgment of the municipal court, being in favor of the plaintiff therein, was conclusive on the questions of negligence on the part of the defendant therein and freedom from contributory negligence by the plaintiff therein, and, had it been properly presented in evidence, would have been conclusive of the same questions in the county court suit. .

5. The plaintiff in the county court suit, having received judgment therein after judgment was rendered in the municipal court suit for the plaintiff therein, could not maintain a bill to re-

strain the further prosecution of the municipal court suit in
the Supreme Court, where it had been taken on exceptions.

APPEAL IN CHANCERY.   Bill to restrain the further prosecu-
tion of a suit at law.   Heard on a findings of fact at the Decem-
ber Term, 1918, Orange County, *Wilson*, Chancellor.   Decree for
the plaintiff.   The defendant appealed.   The opinion states the
case.

*Gilbert F. Davis* for the defendant.

*Charles Batchelder* and *David S. Conant* for the plaintiff.

WATSON, C. J.   The plaintiff, George Gilley of Tunbridge in
the county of Orange, by his writ dated October 27, 1917, served
October 29th, and returnable to Orange County Court, brought
suit against the defendant, Peter E. Jarvis of Windsor within the
jurisdiction of the municipal court for the Windsor Probate
District, in an action of tort for negligence of the latter in con-
nection with the operation of an automobile, Gilley claiming that
he was negligently run into by Jarvis, and his automobile thereby
injured.   The suit was entered in court on November 13, 1917.
Appearance was entered for Jarvis, but as the case did not be-
come triable before the final adjournment of the December term
of that court, following, it was continued to the June term, then
next.

Jarvis, by his writ dated December 3, 1917, brought suit
against George Gilley and B. A. Goodrich of Chelsea, returnable
to the said municipal court, the *ad damnum* therein named being
$200.   This writ, duly served, was entered and docketed in that
court on January 8, 1918.   The case involved the same collision
as did the suit of *Gilley* v. *Jarvis*, then pending in county court,
the cause of action alleged being the negligent management of an
automobile by Gilley and Goodrich, whereby a collision occurred
between their automobile and the automobile of Jarvis to his
damage.

On the return day of the writ in the municipal court, Gilley
moved that that suit be continued to await the action of the
county court in the case before it, stating that the two actions
involved the same questions as to liability; that the one in the

county court was brought and entered prior to the bringing of the one in the municipal court, but that no opportunity had been afforded to try the former, and engaging to attend to the prosecution thereof as soon as such opportunity could be had. The motion was denied, and the cause in the municipal court was heard on March 26, 1918, at which time judgment was rendered for defendant Goodrich to recover his costs; and on the 29th day of May, following, the court filed its findings of fact and entered judgment against defendant Gilley, in the sum of $200 damages, and costs taxed and allowed at $39.11. Exceptions were taken to this judgment and the cause passed to the Supreme Court, where it is now pending.

At the June term, 1918, of the county court, the cause of *Gilley* v. *Jarvis* was tried by jury, resulting in a verdict for the plaintiff to recover $50 damages. Judgment was rendered on the verdict with costs, exceptions allowed to defendant Jarvis, and cause passed to the Supreme Court, where it is now pending. During the trial of this cause, counsel for defendant suggested that there was evidence that one Charles Gilley had an interest in the automobile alleged to have been owned by plaintiff George Gilley; whereupon, by leave of court, Charles Gilley was made a party plaintiff.

The bill in the instant case is brought to restrain the further prosecution of the suit aforementioned as brought in, and determined by, the said municipal court, on the ground that the suit in the county court, involving the same subject-matter and the same parties, and the judgment in which would determine the controversy, was brought prior to, and was pending at, the time of the bringing of the suit in the municipal court.

[1, 2] While it is true that the two suits grow out of the same collision, they are not for the same cause of action, nor do they seek the same relief: Each party to the collision asserts that it was due to the negligence of the other, and brought his suit for damages, based on allegations to that effect; and such issue in either case, found negatively, would not settle the question as to whether the plaintiff in that action was guilty of negligence as alleged in the action brought against him by the other party. *Barrows* v. *McGowan,* 39 Vt. 238. The rule that where two courts have concurrent jurisdiction of the parties and of the subject-matter, the court first acquiring jurisdiction has the right to proceed to its final determination without interference from

the other, applies only where both suits are substantially the same, based on the same subject-matter, and seeking the same relief, so that the judgment in the first suit when thus ended, could be pleaded in bar as a former adjudication. 15 C. J. 1163; *Buck* v. *Colbath,* 3 Wall. 334, 18 L. ed. 257; *Watson* v. *Jones,* 13 Wall. 679, 20 L. ed. 666; *Pacific Live Stock Co.* v. *Lewis,* 241 U. S. 440, 60 L. ed. 1084, 36 Sup. Ct. 637; *Spiller* v. *Wells,* 96 Va. 598, 32 S. E. 46, 70 A. S. R. 878.

[3, 4] It follows that the pendency of the action in the county court was no bar to proceeding with the case in the municipal court to final judgment, and that the judgment there rendered is valid in law until reversed or set aside by the appellate court on review. That judgment, being an affirmative adjudication in favor of Jarvis (the plaintiff in the action), was conclusive of the two facts alleged in his complaint, the establishment of which was essential to his right of recovery, namely, negligence on the part of Gilley (the defendant therein), resulting in the collision, and freedom from negligence on the part of Jarvis, contributing thereto. This judgment was not pleadable in bar to the action in the case of *Gilley* v. *Jarvis,* in county court, because not for the same cause of action; but the two facts mentioned as conclusively established by that judgment, were material to the determination of the suit in county court, and the adjudication of them, had it been properly presented in evidence, would have been conclusive of the same facts or questions in the latter case, notwithstanding the cause of action was not the same in the two suits. *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184; *Powers* v. *Trustees of Caledonia County Grammar School,* 93 Vt. 220, 106 Atl. 836.

[5] From what we have said it is clear that the instant case is without merit, and that the decree cannot stand.

*Decree reversed, and cause remanded with directions that the injunction be dissolved, and the bill dismissed with costs to the defendant.*