JOHN L. SPAULDING, ADMR. ET AL. *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

May Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 3, 1920.

*Demurrer Reaches Back to First Substantial Defect in Pleadings —Judgment—When Conclusive Against Subsequent Suit.*

1.   A demurrer to the pleadings at any stage relates back through the whole record and attaches to the first substantial defect in the pleadings on whichever side it occured.
2.   Where two life insurance policies in which the beneficiaries were different were issued on the same application, a judgment in an action on one policy for the recovery of premiums paid only. because of false statements in the application, cannot be pleaded as a bar in an action on the other policy, being for a different cause of action, but can only be used as evidence.
3.   A judgment on the merits in a prior suit is conclusive against a subsequent suit on the same cause of action not only as to all matters actually tried, but as to all matters which might have been litigated, but where the causes of action are different, the judgment in the prior action is conclusive only as to matters which were actually litigated and determined.

ACTION OF CONTRACT on a life insurance policy.   Heard by Court on defendant's demurrer to plaintiffs' replication to defendant's answer at the September Term, 1919, Washington County; *Butler,* J., presiding.   The demurrer was sustained, the replication adjudged insufficient, and, on defendant's motion for judgment, judgment in chief for the plaintiff for the sum only tendered into court by the defendant, and for the defendant to

recover its costs. The plaintiffs excepted. The opinion states the case.

*John W. Gordon* for the plaintiffs.

*Theriault & Hunt* for the defendant.

MILES, J.   This is a suit upon a policy of insurance upon the life of Orvie M. Jones, and is one of two policies for the sum of $5,000 each, numbered respectively 2,171,545, and 2,171,547. Both policies were issued August 10, 1914, and were alike when issued; but on September 9, 1914, number 2,171,547, the policy now in suit, was changed by making Jennie L. Jones, wife of the insured, sole beneficiary in place of herself and the children of the insured, as the policy was originally written.

The defendant pleaded in both actions that certain answers in the application, material to the risk and upon which the defendant relied in issuing the policy declared upon, were false, and that the insured well knew that they were not true, and that he made them with intent to deceive and defraud the defendant. To this answer the plaintiff replied, and issue was thereupon joined. After issue was joined the suit on policy numbered 2,171,545 was tried by jury, and as a result of that trial a verdict was rendered for the plaintiff to recover the full amount of that policy, and judgment was rendered thereon and for the plaintiff in that suit to recover his costs. The case was taken to this Court, where the judgment was reversed, and judgment was rendered for the plaintiff to recover only $489.85, a sum tendered into court by the defendant, being the amount of the premiums paid by the insured upon that policy, and interest on the same to the date of the tender, with costs to the defendant. *Ante* p. 42.

After the final rendition of that judgment it was pleaded in bar of this action as an estoppel. To this answer the plaintiff replied denying that the cause of action in that suit was the same as the cause of action in this, and that both policies were issued upon the same application, and averring that those answers in the application which the defendant claims to have been false were made under the instruction and by the advice of the defendant's medical examiner, upon which the insured relied in making them, and that he understood they were correct when he made them.

To this replication the defendant demurred, and also filed a motion for judgment, on the ground that the replication was manifestly false, in that it denied that both policies were issued upon the same application. The court below sustained the demurrer as to the replication and rendered judgment for the plaintiff for only the sum tendered into court by the defendant and for the defendant to recover its costs. This was error, and the exception of the plaintiff to this action of the court was well taken.

[1] At whatever stage of the pleadings a demurrer is taken it relates back through the whole record and attaches to the first substantial defect in the pleadings, on whichever side it may have occurred. *Lee* v. *Follensby & Peck,* 83 Vt. 35, 74 Atl. 327, 138 A. S. R. 1061; *Currier* v. *King,* 81 Vt. 285, 69 Atl. 873; *Dunlevy* v. *Fenton,* 80 Vt. 505, 68 Atl. 651, 130 A. S. R. 1009. On demurrer to a subsequent pleading, it is the duty of the court to look to and adjudicate upon all the prior pleadings in the case (*Dunklee* v. *Goodenough,* 65 Vt. 257, 264, 26 Atl. 988), and judgment should be given against the party whose pleading is found first to be defective. *Mussey* v. *Bates,* 65 Vt. 449, 27 Atl. 167, 21 L. R. A. 516.

[2] On examination of the pleadings in this case, the first defect found occurs in the defendant's answer setting up the estoppel to which the replication demurred to applies. The matters therein stated fail to show that the cause of action in this suit was the same as the cause of action in the former suit. On the contrary, they show that they are not the same. They show that this action is upon a cause different from the one upon which the judgment was rendered. The $5,000 sought to be recovered in this suit is not the $5,000 sought to be recovered in the former suit, and the beneficiary here is not the same as that named in the other policy. The promise and undertaking in one is not the same as the promise and undertaking in the other, and each is independent of the other. The cause of action in one being different from the cause in the other, the judgment in one could not be pleaded as an absolute bar in the other, but could only be used as evidence. *S. Pac. R. R.* v. *United States,* 168 U. S. 1, 57, 42 L. ed. 355, 380, 18 Sup. Ct. 18; *State* v. *Sargood,* 80 Vt. 412, 68 Atl. 51, 130 A. S. R. 992; *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184; *Powers* v. *Grammar School,* 93 Vt. 220, 106 Atl. 836; *Gilley* v. *Jarvis,* 94 Vt. 135, 109 Atl. 41.

The error into which the defendant falls arises from a failure to distinguish the difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same cause and its effect in another action for a different cause. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. In such a case it is a finality as to the claim or demand in controversy concluding parties and those in privity with them, not only as to every matter that was offered and received to sustain or defeat the demand, but to any other admissible matter which might have been offered for that purpose. But when the second action between the same parties or some of them or their privies, is upon a different claim or demand, the judgment in the prior action operates as a bar only as to those matters in issue, or point controverted, upon the determination of which the findings or verdict was rendered. In the latter case the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been shown under the pleadings. It is only upon matters actually litigated and determined that the judgment is conclusive, where the causes of action are different. *Tudor* v. *Kennett*, 87 Vt. 99, 88 Atl. 520; *Blondin* v. *Brooks, supra; Cromwell* v. *County of Sac,* 94 U. S. 351, 24 L. ed. 195. This holding renders it unnecessary to pass upon the sufficiency of the replication, or to consider the other questions discussed in the briefs of counsel, as the demurrer is sustained as to the defendant's answer of *res judicata* to which the replication is a reply.

*The answer is adjudged insufficient, the judgment is reversed with costs to the plaintiff, and the cause is remanded with leave to the defendant to replead.*