SAMUEL SHAPIRO *v.* HARRY E. GORE ET UX.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 2, 1934.

338

*Edward H. Holden* for the plaintiff.

*Collins M. Graves* and *Fenton, Wing, Morse & Jeffords* for the defendants.

POWERS, C. J. The plaintiff brought an action at law against the defendants seeking a recovery on a promissory note for $928. He also instituted a suit in chancery against them seeking a foreclosure of two real estate mortgages. Over his objection and subject to his exception, the chancellor ordered the law action "consolidated" with the chancery suit, and then proceeded to determine the amount due the plaintiff and decreed a foreclosure therefor. The plaintiff appealed and filed a bill of exceptions. We are thus confronted at the outset with the question of the power of the chancellor to make an order

that will transfer such an action at law into the court of chancery for trial and determination.

■ That a mortgagee may concurrently seek his remedy at law and in chancery, even when the note sued on is the same one secured by the mortgage, is too well settled to be disputed. It is otherwise by statute in some jurisdictions, but not with us. Then, too, a mortgage might be so drawn, no doubt, as to prevent a resort to an action at law on the debt. But the note here involved was no part of the mortgage debts, and was not secured by the mortgages foreclosed.

It is true that all of the deal between these parties, including the $928 note was entered and carried on the plaintiff's books. But there is nothing to indicate that it was intended by any of the parties to affect the note as an outstanding obligation. Indeed, it would be unbelievable that the plaintiff would immediately convert this note, which was secured by a vendor's lien on certain personal property, into an unsecured book charge. It seems quite plain that the book was used merely for convenience in keeping track of the dealings of the parties.

The plaintiff's action at law was triable by jury; the right to such a trial was guaranteed to him by Article 12 of our Bill of Rights. No court can lawfully deprive one so situated of this fundamental right. Nor can a Legislature so extend the jurisdiction of chancery as to cover and draw to it such a cause of action and give the court of chancery the right and power to determine it without the aid of a jury. This is not saying, of course, that circumstances may not be such as to make the whole controversy essentially equitable, and therefore justify a transfer of it into chancery. But nothing of that kind is here indicated.

■ It is no answer to the plaintiff's claim to say that, because the decree allows to him the full amount due on the note, he is not harmed by the action of the chancellor. The doctrine of harmless error does not apply here. A fundamental right has been invaded. A constitutional guaranty has been denied. The denial of such a right is always harmful in a legal sense though it results in no financial loss.

*Decree reversed, order vacated, and cause remanded.*