Rose Weiner et al. *v.* The Prudential Insurance Company of America.

May Term, 1938.

Present: Moulton, Sherburne, Buttles and Sturtevant, JJ.

Opinion filed October 4, 1938.

*Theriault and Hunt* for the defendant.

*J. Rolf Searles, Arthur L. Graves* and *William S. Burrage, Jr.,* for the plaintiffs.

BUTTLES, J. ██ By a policy issued as of March 13, 1935, the defendant insured the life of Morris A. Weiner for the sum of five thousand dollars. This policy contained a two year incontestability clause. After two annual premiums on said policy had been paid, the insured died on September 14, 1936, and this action of contract was commenced on October 6, 1937, by the beneficiaries of said policy, the administratrix of the estate of the insured, and the guardian of the minor beneficiary for the purpose of recovering the amount of the insurance stipulated in said policy. Meantime, on February 27, 1937, the defendant herein had brought its bill of complaint against the plaintiffs herein to the court of chancery in Caledonia County praying for the cancellation of said policy on the ground of alleged fraud and deceit of the insured in procuring the policy from said defendant. To the action at law the defendant insurance company filed its answer, setting up as its defense thereto the same fraud and deceit which it had previously alleged in its bill of complaint in the chancery suit as the basis of its prayer for cancellation of said policy of insurance. At the same time it challenged the jurisdiction of the court to proceed in the law case by filing its motion to dismiss, the title of which motion was later amended to read: "Objections to Jurisdiction." Therein said defendant alleged in substance that a suit having been commenced previously in the court of chancery for determination of the rights of the same parties with respect to the same subject-matter in controversy, the law court was thereby prevented from assuming jurisdiction over a law action between the same parties with respect, it was claimed, to the same subject-matter. After hearing by the presiding judge the defendant's objections to the jurisdiction were denied and overruled, and on exceptions to this action by the court the defendant comes to this Court in accordance with the provisions of section 2072 of the Public Laws. The general rule is well established in Vermont and elsewhere that in cases of concurrent jurisdiction the court first acquiring jurisdiction will retain it to the end to the exclusion of other tribunals. *Whittier* v. *McFarland,* 79 Vt. 365, 369, 65 Atl. 81; *Bank of Bellows Falls* v. *Rutland and Burlington R. R. Co.*, 28 Vt. 470, 477; *Miner's Exrx.* v. *Shanasy et al.*, 92 Vt. 110, 111, 102 Atl. 480; 14 Am. Jur. 435, par. 243.

██ ██ The circumstances under which this rule is applicable

have often been clearly stated. Where the pendency of a suit in one court is relied on to defeat a second suit in another court of concurrent jurisdiction, the identity of the parties, of the case made, and of the relief sought should be such that if the first suit had been decided it could be pleaded in bar as a former adjudication. 14 Am. Jur. 439, par. 246; *Pacific Live Stock Co.* v. *Lewis,* 241 U. S. 440, 60 L. ed. 1084, 36 Sup. Ct. 637; *Buck* v. *Colbath,* 3 Wall. 334, 18 L. ed. 257; *Republic Auto Ins. Co.* v. *Maedel,* 253 Mich. 663, 665, 235 N. W. 819. This court said in *Gilley* v. *Jarvis,* 94 Vt. 135, 137, 109 Atl. 41, 42: ''The rule that where two courts have concurrent jurisdiction of the parties and of the subject-matter the court first acquiring jurisdiction has the right to proceed to its final determination without interference from the other, applies only where both suits are substantially the same, based on the same subject-matter, and seeking the same relief, so that judgment in the first suit, when thus ended, could be pleaded in bar as a former adjudication.'' In the Gilley case the defendant had previously obtained a judgment in municipal court against the plaintiff in an action for negligence in the same automobile accident upon which the pending cross suit was based. It was held that the prior judgment was not pleadable in bar in the pending suit, because not for the same cause of action. So in *Spaulding et al.* v. *Mut. Life Ins. Co. of New York,* 94 Vt. 445, 111 Atl. 522, it was held that in actions on two policies of life insurance issued by the same insurance company on the life of the same insured and on the same application, but in favor of different beneficiaries, the cause of action in one case was different from that in the other. In *Buck* v. *Colbath,* 3 Wall. 334, 18 L. ed 257, Mr. Justice Miller, speaking for the court, said in part: ''It is scarcely necessary to observe that the rule thus announced [the general rule heretofore referred to] is one which has often been held by this and other courts, and which is essential to the correct administration of justice in all countries where there is more than one court having jurisdiction of the same matters. * * * But it is not true that a court, having obtained jurisdiction of a subject-matter of a suit and of parties before it, thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court, and, in some instances, requiring the decision of the same questions exactly.

In examining into the exclusive character of the jurisdiction of such cases, we must have regard to the nature of the remedies, the character of the relief sought, and the identity of the parties in the different suits. For example, a party having notes secured by a mortgage on real estate may, unless restrained by statute, sue in a court of chancery to foreclose his mortgage, and in a court of law to recover a judgment on his notes, and in another court of law in an action of ejectment to get possession of the land. Here in all the suits the only question at issue may be the existence of the debt mentioned in the notes and mortgage; but as the relief sought is different, and the mode of proceeding is different, the jurisdiction of neither court is affected by the proceeding in the other. And this is true, notwithstanding the common object of all the suits may be the collection of the debt. The true effect of the rule in these cases is that the court of chancery cannot render a judgment for the debt, nor judgment of ejectment, but can only proceed in its own mode to foreclose the equity of redemption by sale or otherwise. The first court of law cannot foreclose or give a judgment of ejectment, but can render a judgment for the payment of the debt; and the third court can give the relief by ejectment, but neither of the others. And the judgment of each court in the matter properly before it is binding and conclusive on all the other courts. This is the illustration where the parties are the same in all three of the courts.'' *Parsons Min. Co.* v. *McClure,* 17 N. M. 694, 133 Pac. 1063, 47 L. R. A. (N. S.) 744, 763, 764; 14 Am. Jur. 439; 15 C. J. 1163, 1164.

Without laboring the point suffice it to say that in the present controversy, while the two cases might ultimately lead to the same result, they are obviously not for the same cause of action, and the same relief is not sought in each. The law action seeks money damages for a claimed breach of contract, while the chancery suit seeks only cancellation of the insurance contract, merely attacking evidence which, it is true, would doubtless be essential to the plaintiff in order to prove his claim in the law case.

It is obvious that in the chancery case certain facts may be proved which might be available in the law case as being conclusively established, provided they are properly presented, and provided, also, a decree in the chancery case shall have be-

come final. This would result from what is technically called estoppel by verdict. See *Fletcher* v. *Perry,* 104 Vt. 229, 232, 158 Atl. 679; *Spaulding, Admr., et al.* v. *Mutual Life Ins. Co. of New York,* 96 Vt. 67, 73, 117 Atl. 376; *Blondin* v. *Brooks et al.,* 83 Vt. 472, 480, 76 Atl. 184. We take judicial notice that since this case was submitted at the May Term there has been a hearing on the merits in the chancery case, and findings of fact and a decree have been filed with the clerk, and that exceptions were allowed to said findings and decree. Under somewhat similar circumstances we said in *Firestone Tire & Rubber Co.* v. *Hart's Estate,* 104 Vt. 197, 201, 158 Atl. 92, 94: "Undoubtedly the proper procedure in such a situation is to continue the case until disposition shall be made of the pending exceptions in the prior proceeding." What we said there indicates the procedure which should be followed in this case.

*Judgment affirmed and cause remanded.*