Susan Stark, b.n.f. Marjorie Stark *v.* Clifford Crowell
ET AL.

(94 A2d 585)

Special Term at Rutland, November, 1952.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Cushing, JJ.

Opinion Filed January 6, 1953.

. *Osmer C. Fitts* and *Paul N. Olson* for the defendants.

*Barber & Barber* for the plaintiffs.

SHERBURNE, C. J. On May 8, 1951, the plaintiff brought an action of tort against Clifford Crowell, one of the defendants in this cause, for personal injuries alleged to have been received in an automobile accident on February 28, 1949. The complaint sets forth that the plaintiff was a passenger for hire in a certain taxi maintained by the defendant Crowell, doing business under the name and style of Paramount Cab, and that the taxi was then being operated by one Philip Bacon in the scope of his employment under the legal control of the defendant Crowell, and alleges that said Bacon negligently operated said taxi and thereby proximately caused the injuries to the plaintiff. The cause was duly entered in Windham county court, and Osmer C. Fitts, Esq., entered a general appearance for the defendant, and issue was joined. After being set for trial at the September Term, 1951, the cause was continued upon the motion of the defendant supported by the defendant's affidavit which set forth that said Bacon was a material witness and was unable to attend because absent in the military service. On February 6, 1952, the plaintiff by her attorney signed a written notice of discontinuance of this cause, and an attested copy thereof was served upon the defendant Crowell, another attested copy thereof was filed with the Clerk of Windham county court and a further attested

copy was left with such clerk for defendant's attorney, all by the sheriff on the same day. On the same day, but subsequent to the service of such notice of discontinuance, the plaintiff brought the action here in question. The declaration in this action is in all respects like that in the prior action except that here, instead of a master and servant relation between Crowell and Bacon, it sets forth that the plaintiff was a passenger for hire in a certain taxi maintained and operated under the name and style of Paramount Cab, that the Paramount Cab was represented in a public manner by the defendants as a partnership composed of Crowell and Bacon, d/b/a Paramount Cab, that the taxi was then registered to Crowell, that there had been issued a permit upon such vehicle to Crowell and Bacon d/b/a Paramount Cab for the transportation for hire pursuant to the provisions of V. S. 47, § 10,183, which certificate was in full force and effect on February 28, 1949, and that at the time of the accident the taxi was being operated by Bacon pursuant to the actual or apparent scope of the partnership business. The declaration also sets forth that on February 28, 1949, there was in force and effect a motor vehicle liability policy issued by the Peerless Casualty Company pursuant to V. S. 47, § 10,180, and related sections, that the named insured therein were Crowell and Bacon d/b/a Paramount Cab, and that the Peerless Casualty Company is made a defendant therein by virtue of the provisions of V. S. 47, § 10,181. This latter cause was duly entered in Windham county court, and the defendants each seasonably appeared specially, and filed separate pleas in abatement, setting forth that the prior action brought on May 8, 1951, remains upon the court docket at issue, not terminated by order of court, and so undetermined; that the party plaintiff and the defendant Crowell are the same and the cause of action is the same, and that the Peerless Casualty Company was joined as a defendant solely by reason of V. S. 47, § 10,181 and has no interest except as an insurer of Crowell, and is not a principal party *ex delicto*.

Subsequently to the filing of the pleas in abatement the cause came on for hearing and the court made findings setting forth the matters above mentioned, and that the first cause still remains on the docket, that no further entry has been made, and that no action has been taken relative to taxation of costs and neither party has made any motion in relation thereto. Thereafter the pleas in abatement of the two defendants were adjudged insufficient, and the

plaintiff's motion for judgment in chief was granted, all subject to the exceptions of both defendants, and the cause was passed to this Court before final judgment.

The questions raised by the briefs of the parties are: 1. Is the cause of action in the two actions the same? 2. Are the parties the same? 3. Is the first action still pending? 4. Was the court's order erroneous? These questions will be discussed in this order.

Is the cause of action the same? As we have noted, except that in one action the liability of defendant Crowell is predicated upon a master and servant relation between him and Bacon, while in the other liability is predicated upon a partnership relation between them by estoppel, the two declarations are in all respects alike. There are like narratives of the accident, and the same allegations of duty and breach of duty upon the part of defendant Crowell, and the same statements of damages.

In her brief the plaintiff states that in the second action liability is predicated upon the Uniform partnership act, V. S. 47, § 6077, which provides for liability by estoppel, and §§ 6074 and 6076, providing that partners are jointly and severally liable for torts within the scope of the partnership venture. She claims that the causes of action in the two suits are different, because in the first there is a severable liability calling for an election of remedies between master and servant, which is unlike the joint and severable liability in the second suit.

Since the plaintiff has elected to hold Crowell severally liable there is no merit to this claim of distinction. We need not decide what the result would have been had she sued Crowell and Bacon jointly.

The causes of action are the same where the relief sought in the second section may be fully obtained in the prior action. 1 CJS, Abatement and Revival, § 43. The parties to a judgment are concluded thereby, not only upon all issues which were actually tried; but upon all issues which might have been tried; so that a new suit for the same cause of action cannot be maintained or defended on grounds which might have been tried and determined in the former suit. *Johnson v. Wells-Lamson Quarry Co. Inc.*, 103 Vt 475, 479, 480, 156 A 681, 77 ALR 492. Our rule as to the way in which a declaration may be amended without introducing a new cause of action affords a test for determining what issues may be so tried. As long as the plaintiff adheres to the contract or injury originally

declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully and differently laid. *Powers* v. *Bellows Falls Hydro-Elec. Corp.,* 115 Vt 243, 245, 57 A2d 114; *Daley* v. *Gates,* 65 Vt 591, 592, 27 A 193; *Parker* v. *Bowen,* 98 Vt 115, 118, 126 A 522; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 489, 490, 1 A2d 817; *McCutcheon* v. *Leonard,* 114 Vt 368, 370, 39 A2d 348. *Burleson* v. *Fox,* 101 Vt 225, 143 A 298, affords an illustration of an amendment to a declaration in some respects similar to what might be made to the declaration in the first suit to make it conform to what is alleged in the declaration in the second suit. There the defendant was sued for the conversion of certain articles of personal property. An amendment was permitted setting forth that the defendant was a member of a partnership which converted the property, and that the other partner having deceased she was sued as surviving partner.

Here the cause of action was the negligent operation of an automobile resulting in injuries to the plaintiff. If amendment is necessary to make the declaration in the first action conform to the declaration in the second, it is clearly permissible. Had the plaintiff gone to trial in her first suit and been cast she could not thereafter have maintained another action like the second one. The two suits are for the same cause of action.

██ Are the parties the same. The plaintiff claims that because of the addition in the second suit of the Peerless Casualty Company as a party defendant the parties are not the same. The Casualty Company can only be liable in the event a judgment is obtained against Crowell. In other words, it can only be secondarily liable. In this respect the procedure in making the Casualty Company a party defendant resembles trustee process, where there can be no judgment against the trustee unless judgment is first obtained against the defendant. When the prior action does not include all of the parties joined in the second action, a plea in abatement on the ground of the pendency of the prior action may be sustained, when the liability of the new parties is merely secondary, and dependent on the primary liability of the original defendant. 1 CJS, Abatement and Revival, § 56, p. 91. The addition of the Casualty Com-

pany as a party defendant did not make it a true party. The parties in the two actions are the same.

Is the first suit still pending? Under the common law the plaintiff could become nonsuited as of right at any time before verdict and thereby reserve to himself the power to bring a new action for the same subject matter. 17 Am Jur, Dismissal and Discontinuance, § 14. This rule is recognized in *Lyon* v. *Adams,* 24 Vt 268, where the opinion states: "The general rule of practice in regard to actions, triable by jury, is to allow the party, as a matter of right, to enter a nonsuit, at any time, before the verdict." This case states that this rule does not apply to the action of book account after judgment to account, and that the plaintiff can no more withdraw from the case and become nonsuit, than in common law actions he can, after judgment upon demurrer, or by default, or *nil dicit,* in his favor.

V. S. 47, § 1900 provides that when a person causes process to be served on another and discontinues his action or becomes nonsuit therein, the court to which such process is made returnable shall give judgment for the defendant to recover taxable costs. A similar statute has been in force at all times material to the cases next to be cited. In *Downer* v. *Garland,* 21 Vt 362, 365-367, a suit, defective because the justice who signed the writ and took the recognizance was attorney for the plaintiff and had so endorsed his name upon the writ, was entered in court. After the defendant had pleaded the defect in abatement the plaintiff gave written notice to the defendant that the suit was discontinued, and immediately caused the writ in suit to be served upon him. To this the defendant pleaded the prior suit pending in abatement. In disposing of the plea the Court mentions that the doctrine, that the pendency of a prior suit between the parties is ground of abatement of the second suit, is based upon the supposition that the first suit was effective and afforded an ample remedy, and hence the second suit would be unnecessary and consequently vexatious. The opinion then proceeds "This being the reason for the adoption of the rule, there would seem to be no propriety in extending and applying it to cases, when the reason does not exist. It would be much more consonant to reason, to apply the maxim, that, when the reason for the rule ceases, the rule itself should cease. Hence it is that courts, in modern times, have somewhat modified the rule, and, instead of regarding the second suit as necessarily vexatious, have gone into the inquiry of whether, in fact, it was vexatious." The opinion refers to *Hill* v.

*Dunlap,* 15 Vt 645, where the Court said "We have adopted the rule which obtains in Connecticut and some of the other states, that if the party brings a defective suit, he may, upon discovering the defect, discontinue that suit and bring another, and this shall not be considered vexatious." The opinion further states "The fact, that the suit had been entered in court and no discontinuance entered upon the docket, did not deprive the party of the power of discontinuing it at any time, subject, however, to the payment of costs to the adverse party,—which was done in the present case. Nor do we think it was indispensably necessary, that entry of discontinuance should have been made upon the docket prior to bringing a fresh suit. The written notice delivered to the defendant was a virtual discontinuance of the suit, so far, at least, as to prevent its being cause for abating the second suit. It put it out of the power of the plaintiff to legally proceed farther in the suit; and had he, after such notice, entered up judgment, the same would have been set aside upon *audita querela."*

*Woods* v. *Darling,* 71 Vt 348, 352, 353, 45 A 750, 751, holds to the same effect. There the plaintiff had started a suit by defective process and had docketed it in vacation, and the defendant entered his appearance and moved to dismiss. Whereupon the plaintiff, discontinued that suit and gave the defendant written notice thereof. He then brought the action in question to which the defendant pleaded in abatement the pendency of the prior suit. The opinion states : "The defendant contends that, as the present statute requires cases to be docketed in vacation and appearance to be entered within a certain time, the plaintiff had no right to discontinue his case, take it out of the control of the court and prevent a hearing upon the plea or motion. We think, however, that the facts that the case had been docketed and an appearance entered afford no reason why the plaintiff might not enter a discontinuance out of term. The case was no longer in court to affect the right of the plaintiff to bring another suit, but it remained in the control of the court upon all questions of costs. * * * In such cases the court, on complaint or petition, has power after discontinuance, to render judgment for taxable costs." In *Powell, Trustee* v. *Woodbury,* 85 Vt 504, 512, 83 A 541, 544, a question arose about the effect of a voluntary discontinuance of a chancery case and the Court stated : "That discontinuance ended the case for all purposes except that of giving judgment for the defendant to recover reasonable costs, as provided by

P. S. 1758, which it does not appear were ever asked." P. S. 1758 is the same as V. S. 47, § 1900. The chancery case was brought on March 26, 1910, and was discontinued on May 7, 1910, before the expiration of the time for the defendant to enter his appearance, but after entry in court.

Our only case involving the effect of giving notice of a discontinuance before starting another suit for the same cause of action where there was no defect in the process is *Kirby* v. *Jackson,* 42 Vt 552. There written notice of discontinuance of the first suit was given before it was entered in court. The court at p 556 said: "When notice of the discontinuance of the former suit has been given, the party claiming to have a cause of action has a legal right to commence another suit, and the cause for the discontinuance of the former suit is wholly immaterial in deciding such plea in abatement."

In support of their claim that when a cause has been entered in court and the defendant has appeared and issue has been joined, as in the first suit, the plaintiff cannot discontinue as in the case of defective process, the defendants cite *Jenney* v. *Glynn,* 12 Vt 480; *Connecticut & P. R. R. Co.* v. *Newell,* 31 Vt 364; *Dunklee* v. *Goodenough,* 65 Vt 257, 26 A 988. We will discuss these cases at some length.

*Jenney* v. *Glynn,* 12 Vt 480, was an *audita querela* to set aside a judgment of the county court, where the defendant had procured a complaint to be entered in the county court against the plaintiff for not prosecuting his appeal from a justice of the peace, before whom the defendant had recovered judgment for his costs, and had caused such judgment to be affirmed, and where the plaintiff, after taking such appeal had tendered to the defendant his taxable costs in justice court, and delivered to him a notice in writing that the action before the justice was discontinued and that the appeal would not be entered in county court. As to the contention that the notice operated at once to discontinue the former suit the Court said: "But after the action has been entered in court, and costs incurred by the defendant, such a notice, given out of court, cannot have the effect contended for. By giving it that effect, we should enable a plaintiff to deprive the other party of his security for costs; for without such final action of the court, adjudging costs to the defendant, the recognizances, given to ensure his costs could not be enforced." This case was decided in 1839, and the statutes regarding appeals from a

justice court were the same as at the time of the decision of *Love v. Estes,* 6 Vt 286, in 1834. Unlike our present statutes, V. S. 47, §§ 1513 and 1514, which provide that an appeal from a justice shall not vacate the judgment pending entry in the county court, and that if not so entered execution may issue, under the then statutes the appeal immediately vacated the judgment, and the omission by either party to enter the appeal operated as a discontinuance. The statute then provided that if the appellant did not enter the appeal, the appellee might produce copies and affirm the judgment. Unless the appeal was entered there was no recourse to the recognizance to prosecute the appeal to effect and pay intervening damages with additional costs in case the judgment was affirmed. By entering the appeal, as in *Jenney* v. *Glynn, supra,* the appellee could recover his costs. As intimated in that case, the plaintiff should have kept his tender good and appeared and resisted the affirmance of the judgment. The holding in that case must be confined to the factual situation confronted.

In *Connecticut & P. R. R. Co.* v. *Newell,* 31 Vt 364, 370, after the cause had been entered in Court the plaintiff's attorney, during vacation, wrote to the defendant's attorney that he should discontinue it at the next term, at the call of the docket. At that term the defendant's attorney taxed the defendant's costs, and showed it to the plaintiff's attorney who assented to its correctness. The defendant's attorney then directed the clerk to enter the suit as discontinued which was done. Later in the term the plaintiff's attorney, in the absence of the defendant's attorney, moved that the discontinuance be stricken off and the cause continued, which was done by order of court. At the next term the defendant moved to dismiss the cause because of the foregoing. The Court said: "There was not such a discontinuance of the action that it was not competent for the court to reinstate it upon the docket. Until the actual discontinuance it was under the control of the court. It was in their discretion to restore it * * *. It has been held that when the process is defective, and has never been entered in court, it may be so far discontinued by notice in writing, that if a new suit be instituted, it will not be regarded as vexatious. *Wright* v. *Doolittle,* 5 Vt 390. And oral notice of discontinuance will be sufficient in such cases, to enable the plaintiff to bring new suit but may subject him to the costs of the first suit until the entry of discontinuance in court. *Hill* v. *Dunlap,* 15 Vt 645. But it has been held that after the suit

is entered in court the plaintiff cannot discontinue it, out of court, without the consent of the other party. *Jenney v. Glynn,* 12 Vt 480. At all events it is under the control of the court until the actual entry of discontinuance by direction of the plaintiff, which does not seem to have occurred in the present case." It is clear from our explanation of *Jenney v. Glynn* that the writer of the above opinion misinterpreted that case.

In *Dunklee v. Goodenough,* 65 Vt 257, 262, 26 A 988, 990, plaintiff's replication shows that the defendant in a prior suit before a justice of the peace recovered judgment upon a plea in abatement, and for his costs, and that while the appeal was pending the plaintiff discontinued the cause and notified the defendant and did not enter the appeal in county court. The opinion states: "The plaintiff could not discontinue the suit in the manner alleged. In *Jenney v. Glynn,* 12 Vt 480, it was held that after an appeal was taken from a justice judgment, and before it was entered in the county court, the plaintiff could not discontinue the suit." The Court points out in another place that under R L 1064 and 1065, which are in effect like V. S. 47, §§ 1513 and 1514, the judgment of the justice remained in force because of failure to enter the appeal. The situation is unlike that in *Jenney v. Glynn.*

Although the defendants admit that the court may be bound to grant a plaintiff's motion for discontinuance under proper safeguards to the defendant as a matter of right at certain stages of the proceedings, they claim that under our practice discontinuances, except in the case of defective process, are at all times under the protective order of the court, and that this is further demonstrated by the powers, among others, granted to superior judges in recess or after adjournment of a term of court by V. S. 47, § 1407, as last amended by No. 33 of the Acts of 1951, which provides, in part, that on reasonable notice to the attorney of the other party, they may:

> "III. Direct an entry of discontinuance upon application of the plaintiff or petitioner at any time before the other party has entered his appearance with or without costs.
>
> "IV. By agreement of the parties direct any lawful entry and render any lawful judgment * * * which the county court could render if in session. * * *."

■ We do not think this statute indicates what is claimed for it. Even in the case of defective process the case remains upon the docket after a notice of discontinuance, both under V. S. 47, § 1900 and under § 1407, until the court, or a superior judge before the defendant has entered his appearance, directs that it be entered discontinued. This is necessary to enable the defendant to recover his costs. When a plaintiff is entitled to discontinue a case as a matter of right after entry in court the case is under the protective order of the court only for the purpose of awarding costs to the defendant.

■ No reason has been pointed out why a plaintiff, in a case where the defendant has entered his appearance and issue has been joined, as in the first case, may not discontinue as a matter of right. After notice of discontinuance of a valid suit has been given, a second suit for the same cause of action is no more vexatious than if the process in the first suit had been defective. Such a notice puts it out of the power of the plaintiff to legally proceed farther in the first suit, just as in *Downer* v. *Garland, supra.* After such a notice the case is no longer in court to affect the right of the plaintiff to bring another suit, and the case is ended for all purposes except that of giving judgment for the defendant to recover his costs. It is so here.

■ Was the court's order erroneous? When a plea in abatement is put in the plaintiff must reply to it or demur. If he reply and an issue of fact be thereupon joined and found for him, the judgment is peremptory, *quod recuperet,* but if there be a judgment for the plaintiff or demurrer to a plea in abatement, or replication to such plea, the judgment is only interlocutory, *quod respondeat ouster.* *Willumsen* v. *Soule,* 113 Vt 5, 7, 28 A2d 631, and cases cited. The defendants claim that even though the record below indicates in this case that testimony was taken and the court made findings of fact, the findings are no more than the record itself which would have been brought up on demurrer and that, therefore, it cannot be said that an issue of fact was joined on the plea since the whole issue was "Was there a prior suit pending," which is a question of law, not of fact.

■ The defendants filed their plea in abatement on March 18, 1952. Under county court rule 15, §1 the plaintiff had 10 days to reply, but did not. Consequently under rule 16 issue must be treated as joined, under a general denial to the plea in abatement.

The cause came on for hearing on the plea in abatement on April 9, 1952, and findings of fact were later made and filed as previously indicated. On April 10, 1952, the plaintiff filed a motion for judgment in chief. The matter of the notice of discontinuance is not mentioned in the plea of abatement, consequently the giving of it was a fact to be determined by the court in determining if the first suit was pending. This notice is not a part of the pleadings. Had the plaintiff demurred to the plea in abatement the notice would not have been in the case for consideration. It would have been error to deny the motion.

*The judgment of the county court adjudging the pleas in abatement of the defendants' insufficient and granting plaintiff's motion for judgment in chief is affirmed, and the cause is remanded.*