# Woodbury Lumber Co., Inc.

## v.

## Charles F. and Alice R. McIntosh
## and Reginald T. Abare

[211 A. 2d 240]

April Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Smith, J. J.**

Opinion Filed June 1, 1965

*Black, Wilson & Hoff* for plaintiff.

*Reginald T. Abare* per se and *Joseph Palmisano* for defendants.

**Barney, J.** This case involves a single question, certified here by the lower court, relating to the propriety of its denial of certain motions to dismiss. These motions were all grounded on the simultaneous existence, in two counties, of three separate litigations involving the same parties and based on the same transaction. It was the theory of defendants' motions that this present action should not lie since it was subsequent to, and identical with, one in Chittenden County against Reginald T. Abare, and one in Lamoille County against defendants Charles F. and Alice R. McIntosh.

The controversy involves equipment and materials furnished by the plaintiff for the construction of a large pole barn on a certain farm in Johnson, Vermont, amounting to a claim of about twelve thousand dollars, including interest. Although the McIntoshes were the owners and occupiers of the farm premises when the construction took place, record title apparently was transferred to Abare about the same time

and during the month in which the barn was completed. Then, within a short time, a reconveyance to the McIntoshes appears to have taken place. To perfect a mechanic's lien for the equipment and materials used in the barn construction, the plaintiff brought separate suits under 9 V.S.A. § 1924 against Abare in Chittenden County and the McIntoshes in Lamoille County. These suits were followed in a few days by this Lamoille County action in contract joining both the McIntoshes and Abare as defendants, setting up in the specifications the same equipment and materials costs supporting the actions involving the mechanic's lien, and attaching other property of the defendants. The motions to dismiss were filed in this last action.

The plaintiff emphasizes the fact that the two actions separately suing the defendants are suits instituted to establish a mechanics lien. Therefore, it says, they do not operate as litigation obstructing the subsequent suit on the contract.

In our law, suit on a claim for a mechanic's lien is essential, under 9 V.S.A. § 1924, to establish the security aspect of the lien against particular property. This lien is not one available in an ordinary contract action, but is a special statutory right. *Baldwin* v. *Spear Bros.*, 79 Vt. 43, 50, 64 Atl. 235. It is a security interest in the nature of a mortgage, available at law, effecting a preference. *Piper* v. *Hoyt*, 61 Vt. 539, 540, 17 Atl. 798. It provides for an equity of redemption and operates against the property. 9 V.S.A. §1925. The defendant in such a case is not chargeable as the debtor, but in his capacity as owner of the property. In other words, the lien suit will not lie against a debtor who is not the owner of the property involved, and the fact that the true owner is not the debtor will not bar the suit for the lien. It runs against the property and is a charge upon it. *Goodro* v. *Tarkey*, 112 Vt. 212, 216-7, 22 A. 2d 509.

It is unquestionably the rule in this jurisdiction that a defendant is entitled to be protected from vexatious litigation. *Louden Machinery Co.* v. *Day*, 104 Vt. 520, 524, 162 Atl. 370. It is usually stated that the rule for determining when the causes of action are the same, so as to be vexatious and oppressive, is to ascertain whether or not the relief sought in the second action may be fully obtained in the first. *Stark* v. *Crowell*, 117 Vt. 413, 416, 94 A. 2d 585.

Although not present in this case, there is a distinct but related consideration which is often merged with the foregoing concern for vexation. It comes into play when the previous suit has gone to judgment. In such a case, the former judgment itself may operate, by

virtue of res judicata considerations, as a bar to second proceedings. *Trapeni* v. *Walker*, 120 Vt. 510, 513-4, 144 A. 2d 831. This is a separate defensive principle which would still be available, if appropriate, in spite of a determination, prior to any judgment, that two or more lawsuits were not vexatious. See *Gilley* v. *Jarvis*, 94 Vt. 135, 138, 109 Atl. 41. In many cases where the test for vexatiousness is described, the presence of a previous judgment in one of the cases leads to strong and positive language without clearly distinguishing between res judicata considerations and the policy against vexation. See *Louden Machinery Co.* v. *Day*, supra, 104 Vt. 520, 524-5.

In spite of references to identity of parties and subject-matter, separate actions are not condemnable where special remedies can be reached only by different kinds of litigation, as when mortgage foreclosure is sought in one court concurrently with recovery on the secured note being pursued in another. *Shapiro* v. *Gore*, 106 Vt. 337, 339, 174 Atl. 860. To this could even be added a proper third suit for ejectment. *Weiner* v. *Prudential Insurance Co.*, 110 Vt. 22, 26, 1 A. 2d 708. A mechanic's lien can be converted into a mortgage type of security interest only by a special action, in which not only the parties need not be identical to those involved in the contract claim, but the recovery may not return the full measure of damages due if the security is insufficient. To hold that this special lien action barred a suit in contract might deprive the plaintiff of its right to a personal judgment enforceable against the defendants for the amount of damages proved. Likewise, to say that the contract action could bar the suite under 9 V.S.A. § 1924 would deny to the plaintiff a security interest which the statute authorizes. This is sufficiently like the simultaneous enforcement of a mortgage and note, that we hold that the bringing of these suits, as it was done here, is not grounds, by itself, for dismissal as vexatious.

The motions to dismiss were interposed at a very early stage of this litigation. The transfers of title between the defendants at a critical time clouded true ownership of the property and made separate mechanic's lien suits appear essential if the plaintiff was to preserve its security interest. It may well yet develop that there may be a failure of one or the other of the lien suits, because the defendant sought to be charged is not in the position of owner. *Goodro* v. *Tarkey*, supra, 112 Vt. 212, 216, 22 A. 2d 509. Likewise, in the contract litigation, there may be a failure to develop a claim against one or more defendants, thereby terminating some aspect of that action. Or, should it appear that the lien actions were somehow defective, and became,

in one case or the other, mere personal contract claims, different consequences would undoubtedly follow from a motion then made such as. is now before us. *Goodro* v. *Tarkey*, supra, 112 Vt. 212, 217, 22 A. 2d 509; *Piper* v. *Hoyt*, *supra*, 61 Vt. 539, 540, 17 Atl. 798. But our answer to the question certified must be given on the state of the case at the time the inquiry was passed up to us. At that point in the case the motions were properly dismissed.

*The question certified is answered in the affirmative and the cause is remanded.*

Mr. Justice Keyser, being disqualified, did not sit on this appeal.