*Wells Fargo Bank v. Ndibalema*, No. 207-4-18 Wncv (Tomasi, J., Apr. 14, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
| --- | --- |
| Washington Unit | Docket No. 207-4-18 Wncv |

| | |
| --- | --- |
| Wells Fargo Bank, N.A., trustee, Plaintiff<br><br>v.<br><br>Fuad Ndibalema, Fatu Kankolongo, Joseph Kilmurry, Katherin Kilmurry, Dexter Electric, PC, Defendants | |

## Opinion and Order Following Trial

This is an action brought by Plaintiff seeking to collect upon a Promissory Note and foreclose a Mortgage. The Court held a trial on the matter on November 7, 2019 and March 16, 2020. Plaintiff appeared and was represented by counsel. The only defendant to appear was Defendant Ndibalema ("Defendant"), who represented himself. The Court accepted documentary and testimonial evidence and heard legal arguments from both sides. After considering the evidence and contentions of the parties, the Court makes the following determinations.

I.    Procedural Background

This matter was set for a bench trial on November 7, 2019.[1]  At the trial, Plaintiff attempted to introduce copies of the Note and Allonge, and the Mortgage and Assignment governing the loan at issue in this case.  Exbibits 1, 2, 2a, and 3a. Defendant objected as to authentication and admissibility and challenged whether Plaintiff was a proper party to enforce the Note and Mortgage.  Counsel for Plaintiff indicated that the originals were maintained by Plaintiff and that he had requested that they be sent.  Due to a mailing error, however, they had not arrived in time for trial.  The Court agreed that testimony from the specific entity that maintained the originals or some other grounds were needed to authenticate and admit the records. It agreed to admit the Exhibits subject to connection through later admission of the originals or other method.  It agreed to keep the evidence open and allow Plaintiff an opportunity to seek to admit the original records by motion and affidavit or to seek a continuation of the trial to do so.  Plaintiff followed the latter course, and the Court set this matter for a second day of trial.

---

[1] In reviewing the file in connection with this ruling, the Court discovered a demand for a jury trial filed by Defendant.  The Court doubts that there is a right to a jury trial in connection with a straight foreclosure case. *See Shapiro v. Gore*, 106 Vt. 337, 337 (1934) (no right to jury in foreclosure case but right attaches to claim concerning promissory note unconnected to foreclosure); *Hartford Fed. S & L Assn.*, 491 A.2d 1084 (Conn. 1985) ("An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the parties.").  In any event, neither side raised any objection to proceeding to try this case to the Court, and the trial is now complete.  If there were a right to a trial by jury here, the Court concludes it was waived by the acquiescence of Plaintiff and Defendant to a bench trial.  *See CoxCom, Inc. v. Chaffee*, 536 F.3d 101, 110–11 (1st Cir. 2008); *Wilcher v. City of Wilmington*, 139 F.3d 366, 379 (3d Cir. 1998).

II.    Findings of Fact

Plaintiff is Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificates, Series 2007-OPTI.

Defendant does not dispute that, on March 15, 2007, he and Defendant Kankolongo took out a loan and mortgage with Option Mortgage Corporation in connection with the property located at 39 Beckley Street f/k/a 41 Beckley Street, in Barre, Vermont (the "Property").

Plaintiff offered the testimony of Louise Plasse and Sandra Tramble, who are Senior Loan Analysts for Ocwen Loan Servicing.  Ocwen services the loan, note, and mortgage that are the subject of this case (the "Note and Mortgage") for Plaintiff.[2] They persuasively testified as to their knowledge of the business practices of Ocwen and the history of payments, notifications, modifications and service history in connection with the Note and Mortgage.  They also provided evidence to the Court as to the Exhibits submitted by Plaintiff.  Their testimony shows that the Exhibits, except as noted below, are maintained by Ocwen as part of its servicing business, that they are kept in the regular course of that business, and that they are kept in a secure electronic format.

Ms. Plasse  testified that the original Note, Allonge, Mortgage and Assignments are maintained by Plaintiff itself, as opposed to Ocwen.  Absent a

---

[2] Some of the Exhibits are to or from PHH Mortgage Services.  PHH is a "subservicer" for the Note and Mortgage.

request from Ocwen that such records be provided in the course of litigation or otherwise, Ocwen does not have control over those records as part of its business.

The records and testimony confirm that, on March 17, 2007, Defendant and Defendant Kankolongo executed a Note and Mortgage in favor of Option Mortgage Corporation in connection with the Property. The Mortgage was recorded in the City of Barre records. Exhibit 2a. The Note and Mortgage required that Defendant make monthly payments to reduce the debt accompanying the Note and Mortgage.

Exhibit 7 and Ms. Plasse's testimony show that Defendant had a series of late payments and failed checks. In (at least) 2013, 2015 and 2017, Defendant agreed to loan modifications. Exhibits 7, B, & C. The modifications lowered Defendant's monthly payments and the interest rates, but deferred a significant amount of principal to the end of the Note repayment period. At that point, a large balloon payment of $99,705 would be due. *Id*.

Despite the decrease in the amount of monthly payments, by December 2017, the loan was in default again.

On December 27, 2017, Ocwen provided Defendant a formal "Notice of Default," which required Defendant to pay outstanding amounts due by February 2, 2018. Exhibit 4. The Notice indicated that payments on the Note and Mortgage would be accelerated if all amounts due were not paid by that date. *Id*.

Defendant was offered other loan modification options but chose not to pursue them. Defendant did not make the required payments by February 2, 2018.

Defendant concedes that he has made no payments on the Note and Mortgage since 2018. Exhibit 7 confirms that fact.

Plaintiff has made various payments over that period to maintain the Property. Specifically, it has paid municipal taxes, maintained property insurance, hazard and flood insurance, and has incurred property inspection fees. *See* Exhibits 5–6.

On the second day of trial, Ms. Tramble brought to Court what she testified were the original Note and Mortgage regarding the Property. Exhibit 8. She stated Ocwen had obtained them from Wells Fargo and that Ocwen had maintained them in its "vault."[3] While Defendant maintained that the Note and Mortgage were not originals as they were not the correct size, the Court credits Ms. Tramble's testimony. She verified that they were, in fact, the original documents and that they were the correct size. The Court also noted that the documents appeared to bear original ink. The Court concludes that Exhibit 8 contains the original Note and Mortgage, which are in the possession of Plaintiff.

Ms. Tramble also credibly testified as to the authenticity of the three original Allonges contained in Exhibit 8. She testified that Allonges 1 and 3 were "void." Allonge 2 is from Sand Canyon Corporation f/k/a Option One Mortgage Corporation,

---

[3] Another potential defect in Plaintiff's offer of proof is that the Note and Mortgage provided in Court appear to have passed from Plaintiff to PHH Mortgage Company, as opposed to Ocwen. *See* Exhibit 8. Given the Court's ruling below, the Court will credit, for these purposes, Ms. Tramble's testimony as to which party maintains the originals of the loan documents and how they came to be in Court on the date of trial.

the original lender, to Plaintiff. Ms. Tramble testified that Allonge 2 in Exhibit 8 is the original Allonge 2 and that it is in the possession of Plaintiff. The Court credits that testimony.

Defendant asserted at trial that he was improperly "induced" into the 2013 loan modification, which resulted in a deferral of a significant amount of principal. He offered no evidence of improper inducement, however.

Defendant asserted at trial that it was improper for Plaintiff to obtain flood and hazard insurance on the full amount allegedly owed on the Note and Mortgage, as opposed to the fair market value of the Property set out in Exhibit E. Ms. Tramble provided persuasive evidence that, when a mortgagor fails to maintain insurance and the mortgagee is required to obtain insurance, it is called "Force-Placed Insurance." Such secondary insurance is typically more expensive than that available directly to the mortgagor and does provide coverage for the amount lent to the mortgagor.

III.  Analysis

Defendant makes a multifaceted attack on Plaintiff's claims. First, he continues to assert that Plaintiff lacks the authority to prosecute this action as matters of both procedure and evidence. He argues that it has not proven that it has the original documents in its possession, that there is no proper proof of an assignment of the mortgage to Plaintiff, and that the "Allonge" submitted on the second day of trial was not the one submitted on the first day or the one attached to the Complaint. As the second day of trial was solely to submit documents

6

supportive of the admission of the Exhibits offered on the first day, Defendant asserts that the Court may not accept new documents.

Second, he contends that Plaintiff did not give him proper notice of the "acceleration" of the amounts due on the Note. Third, he asserts that he was improperly induced into agreeing to the loan modifications. Fourth, he claims that any sums due must be reduced because the premiums paid for hazard and flood insurance are too high.

The Court agrees with Defendant's first point, at least in part. While the Court credits Ms. Tramble's testimony that the documents reflected in Exhibits 8 are originals, Plaintiff's proof has fatal gaps both as to the Note and the Mortgage. *See U.S. Bank Nat. Ass'n v. Kimball*, 2011 VT 81, ¶ 13, 190 Vt. 210, 216 ("[t]o foreclose a mortgage, a plaintiff must demonstrate that it has a right to enforce the note). Based on those interstices, Plaintiff has not established its authority to prosecute the present action.

Defendant's description of the scope of the second trial day is accurate. While the Court could have decided the case against Plaintiff based on its failure to produce the original documents at the first day of trial, it allowed Plaintiff an opportunity to connect the "copies" it offered at the first day with "originals" to be offered on the second day. It did not intend to permit Plaintiff the chance to offer additional documents not produced on day one. With that proviso in mind, the Court concludes that the following defects preclude enforcement of the Note and Mortgage in this case.

7

As to the Note, the Complaint states that Plaintiff is entitled to enforce the Note due to a "blank" Allonge endorsement. The Complaint attaches Allonge 1. *See* Exhibit 8. The testimony of Ms. Tramble, however, establishes that Allonge 1 is void. Her testimony proves that Allonge 2, which specifically names Plaintiff, is the operative Allonge. *See* Exhibit 8. Two problems arise from that testimony, which the Court has credited. First, Allonge 2 was not attached to the Complaint as was required by Vt. R. Civ. P. 80.1. And, Ms. Tramble testified that Allonge 2 "should have been provided" to Plaintiff's counsel in connection with the filing of the Complaint. Second, Allonge 2 was not offered as an Exhibit during the first day of trial.

The Court concludes that Plaintiff failed to attach the appropriate Allonge to the Complaint and failed to admit the appropriate Allonge on the first day of trial. The Court will not allow Plaintiff to expand the record, over Defendant's valid objection, to include documents that rightly should have been submitted on the first day of trial. As noted above, the second day of trial was solely to allow production of the originals of the disputed Exhibits that had been offered on day one.

Plaintiff's demonstration that Allonge 1 (relied upon at Day 1 of trial) is void, along with the inability to introduce Allonge 2 (outside the scope of Day 2 of trial), ends this case because Plaintiff left itself with no way to demonstrate that the Note was ever negotiated to it and that it thus could have any right to enforce it, much less the Mortgage. The Mortgage "follows" the Note. *See Kimball*, 2011 VT 81, ¶ 13, 190 Vt. at 216 ("While a plaintiff in a foreclosure should also have assignment of

8

the mortgage, it is the note that is important because '[w]here a promissory note is secured by a mortgage, the mortgage is an incident to the note.'" (citation omitted)). In other words, absent proof of a plaintiff's ability to enforce a note, there is no basis for that plaintiff to foreclose on the mortgage that secures the note.

Nonetheless, in this instance, proof as to the Mortgage is also flawed. Exhibit 8 does not contain the original Assignment of the Mortgage to Plaintiff, and Ms. Tramble did not discuss that document. While copies of that Assignment are appropriately attached to the Complaint, per Rule 80.1, and were admitted on day one of the trial, Defendant objected to the authenticity and admissibility of Mortgage and Assignment and argued that Plaintiff had not sufficiently connected the Assignment to the Mortgage to allow Plaintiff the ability to enforce the Mortgage. Ms. Plasse testified that the original Mortgage and Assignment (and the Note and Allonges for that matter) are maintained by Plaintiff as opposed to Ocwen. On day two of the trial, Plaintiff produced the original Mortgage. However, it produced neither a custodian from Plaintiff who could testify as to the original Assignment nor the original assignment itself.[4]

---

[4] No doubt there may be arguments that a plaintiff need not produce the original documents to establish its ability to enforce a note and mortgage. In this case, however, Plaintiff indicated that the originals were in the possession of Wells Fargo, that it would produce the originals, and that it was willing to proceed in that fashion. Having made that agreement, alternative methods of proof will not be considered at this stage.

The Court finds that Plaintiff has failed to provide admissible proof of the Assignment to it of the Mortgage. Without admissible proof of a valid assignment, Plaintiff may not enforce the Mortgage in this case.[5]

*        *        *

The defects in Plaintiff's proof mean that it did not establish at trial a proper basis for it to prosecute this action against Defendant. Accordingly, this matter will be dismissed. The Defendant is reminded, however, that this decision does not relieve him of all ongoing obligations he may have as to the Note and Mortgage. Further, Plaintiff may well be able to cure the procedural defects of this action in a future proceeding. This decision also does not preclude a future action based on alleged defaults not included within the scope of the present Complaint, as described in and limited by the holding of *Cenlar FSB v. Malenfant*, 2016 VT 93, ¶¶ 33–38, 203 Vt. 23, 42–44.

IV.    <u>Conclusion</u>

In light of the foregoing, the Complaint is dismissed with prejudice.

Electronically signed on April 14, 2020 at 11:13 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[5] Given the Court's ruling, it need not address Defendant's remaining arguments.