NAPOLEON LALIME *v.* WILFRED DESBIENS.

(55A2d 121)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*Maxwell L. Baton* for the plaintiff.

*Raymond L. Miles* for the defendant.

BUTTLES, J. The plaintiff in this action, which is general assumpsit with specifications, is the father-in-law of the defendant. They are farmers and during the earlier part of the period covered by this litigation they lived on farms about sixteen miles from each other. Later the plaintiff moved to a farm about two miles from

that of the defendant. For a long time they were on friendly terms and each helped the other occasionally, sometimes with horses or machinery, in doing his farm work. They also assisted each other in other ways like transportation, loans, care of animals, etc. Finally there came a time when the parties ceased to be friendly and the defendant herein sued the plaintiff herein in Municipal Court for a balance alleged to be due on the purchase price of hay sold. This action has never been tried. The plaintiff herein retaliated by bringing the present action in County Court, to which the defendant pleaded general denial and filed a declaration in offset in general assumpsit and specifications in offset on Sept. 12, 1946, to which he filed an amendment on Oct. 11, 1946. Trial was had by the court during which, on Oct. 14, the plaintiff filed pleas of general denial and payment to the defendant's declaration in offset and also filed specifications of payment. Later, during the hearing, the defendant filed amended specifications in offset.

Findings of fact were made and filed and judgment rendered for the defendant to recover of the plaintiff $270.05 in offset. The case is here on plaintiff's exceptions. He has briefed, or partially briefed, exceptions to findings numbers 8, 9 and 10. Finding No. 8 consists of 20 items totaling $501.50 for which it is found that the defendant is entitled to recover on his specifications in offset as first amended. Finding No. 9 consists of 9 items totaling $166. for which it is found that the defendant is entitled to recover on his specifications in offset which were filed Oct. 15, 1946. Finding No. 10 summarizes the amounts owing by each party to the other and finds a balance of $270.05 owing from the plaintiff to the defendant.

The plaintiff has briefed an exception to a single item of the twenty contained in finding No. 8 on the ground that it is contrary to and unsupported by the evidence. The item is the allowance of $80.00 for "haying, men and machinery" in July and August, 1943, for which a charge of $140. was made in defendant's specifications in offset. It is true that the defendant testified that before they started haying in 1943 it was agreed between Mr. Lalime and himself that they were going to change time and hay together. The question being asked, "change works, so to speak," the witness assented. The plaintiff interprets this to mean that no charge was to be made by either against the other, regardless of the amount of work done or length of time worked.

But there is evidence which would warrant a different conclusion. The plaintiff in his specifications had charged $120. for "man and team haying" during this time and this charge was allowed by the court at $72.00 in finding No. 6. Plaintiff testified that his charge was reasonable; that the way he and the defendant had done business since they started changing work was that each paid for work by working for the other and that they had never balanced accounts; that they had never sat down and figured out how they stood but that he had asked defendant to do so. The defendant's testimony to which the plaintiff refers, to the effect that he was willing to let everything go until he got "sore" at the plaintiff and sued him for the balance claimed to be due for hay sold, is at least as consistent with a willingness to make the plaintiff a present as it is with a willingness to comply with the terms of an agreement that he had made. This exception is not sustained.

The plaintiff challenges findings 8, 9, and 10 as being prohibited, as a matter of law, by finding No. 3 to which no exception was taken. This finding reads thus:

"Up to the time the plaintiff disposed of his farm in Coventry, the plaintiff and defendant were friendly, loaned each other the use of horses, various articles of farm machinery and exchanged work which both intended at the time to offset one for the other."

The plaintiff interprets the language used as requiring that the charges of each party against the other for loans of the use of horses, various articles of farm machinery and, exchanged work should be balanced and canceled by the similar charges of the other party against him. The defendant says that an even balance of those charges is not required but the language of the finding is satisfied if the amount charged by one party for those items is lessened by the similar charges of the other. It may be noted that even if the exception is sustained the result will be merely to reduce the amount of the defendant's judgment, since about $210.00 in amount of the items allowed the defendant by findings No. 8 and No. 9 are not within the class mentioned in finding No. 3 while all of the items allowed the plaintiff by findings No. 6 and No. 7 are within that class.

However we do not consider sound the plaintiff's interpretation of finding No. 3. Offset seems to be used quite commonly as

a synonym of set-off which, under our practice, does not require an equal balance. *Davenport* v. *Hubbard,* 46 Vt 200, 206, 14 Am Rep 620. It is a demand which a defendant makes against the plaintiff in the suit for the purpose of liquidating the whole or a part of his claim. Century Ed. of Bouvier's Law Dictionary. In 46 CJ 1086 the noun "offset" is defined as a contrary claim or demand by which a given claim may be lessened or canceled; and the verb "offset" as meaning to balance; to cancel by contrary claims or sums; to counteract. The above definition as a noun is given in *Leonard* v. *Charter Oak Life Ins. Co.,* 65 Conn 529, 33 A 511. But if the court was at liberty to use the word as requiring that such charges of the respective accounts should balance each other, the other findings and the judgment rendered make it clear that the court did not so use it. Furthermore both parties tried the case upon the theory that items in the class indicated in finding No. 3 were to be considered by the court in determining the amount due one party or the other. Each party filed specifications which included such charges and each was examined and cross examined regarding his charges within this class. The record shows no suggestion made at the trial that these respective charges were to balance and cancel each other as a matter of law. The theory upon which the case was tried therefore became the law of the case and is not open to question in this Court. *Simonds* v. *Bishop,* 109 Vt 343, 347, 196A 754; *Perkins* v. *Vermont Hydro-Elec. Corp.,* 106 Vt 367, 417, 177A 631; *Edmunds* v. *Smith Bros.,* 95 Vt 396, 407, 115A 187; *Bagley* v. *Cooper,* 90 Vt 576, 579, 99A 230.

By exception to finding No. 8 the plaintiff undertakes to question the jurisdiction of the court of one item contained therein, viz. the allowance to the defendant of a balance of $75. for hay sold in July, 1943. This balance was the subject matter of the then pending suit in municipal court by this defendant against the plaintiff to which we have referred. The plaintiff invokes the general rule that in cases of concurrent jurisdiction the court first acquiring jurisdiction will retain it to the end to the exclusion of other tribunals. *Whittier* v. *McFarland,* 79 Vt 365, 369, 65A 81; *Weiner* v. *Prudential Ins. Co.,* 110 Vt 22, 24, 1A2d 708, 118ALR 1237. The plaintiff contends that he was unable to plead the pendency of the prior suit because the declaration in that suit was in the common counts only with no specifications filed and did not apprise him of the nature of the claim made thereby. But it is unnecessary to con-

sider whether he could in any case raise the objection upon which he relies in the manner that he attempts to raise it. There is another trouble with his claim that is fatal to it.

The general rule above stated applies only where both suits are substantially the same, based on the same subject matter and seeking the same relief, so that judgment in the first suit, when thus ended, could be pleaded in bar as a former adjudication. *Gilley* v. *Jarvis,* 94 Vt 135, 137, 109A 41. There is no principle better settled than the general rule of law that the pendency of a former action in a court of competent jurisdiction within the same state or jurisdiction, between the same parties, and involving the same subject matter and cause of action, wherein all the rights of the parties thereto may be fully and finally determined and adjudicated, may be asserted as a ground for the abatement of the second action. The identity in these particulars should be such that if the pending suit had already been disposed of, it could be pleaded in bar as a former adjudication of the same matter between the same parties, and unless each of these elements is present, the pendency of one action will not operate to abate a subsequent one. 1 Am Jur Abatement and Revival, § 14.

In *Ballou* v. *Ballou,* 26 Vt 673, it is held that a trover action for four horses, four harnesses, four whiffletrees, and one wagon would not be abated by a prior pending action for one of the same harnesses. In the present case it is apparent that the plaintiff's action is not substantially the same as the defendant's prior action, and is not based on the same subject matter. No other exceptions are relied upon by the plaintiff.

*Judgment affirmed.*