# The Lane Construction Corporation v. The State of Vermont and Highway Board

[ 248 A.2d 508 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*Wick, Dinse & Allen* for the Plaintiff.

*James L. Oakes,* Attorney General, and *Louis P. Peck,* Assistant Attorney General, for the State and State Highway Board.

**Smith, J.** The agreed statement of facts filed by the parties, and which are identical to the Findings of Fact made by the court below establish that the plaintiff and the defendants entered into a road construction contract. All work under the contract was performed by the plaintiff. However, the water supply of a landowner was allegedly diminished by the construction of the road adjacent to the landowner's property. A dispute then ensued between the plaintiff and the defendants as to the responsibility of the plaintiff to remedy the alleged damage to the water supply under the terms of its contract. The defendant Highway Board claimed that under the contract the plaintiff construction company had the duty to remedy the alleged damage to the water supply without reimbursement.

The plaintiff disagreed with this interpretation of the contract between the parties and refused to repair the damage to the water supply without additional reimbursement. The defendants then engaged an outside company to perform the work of repairing the water supply and used monies, otherwise due to the plaintiff under its contract with the defendants, to pay for the work done by the outside company. The action of the plaintiff is to recover the amount paid by the defendants to the outside company as part of the payment now due and owing to it after completion of its contract.

The first complaint of the Lane Construction Corporation against the State of Vermont and the Highway Board alleged that the defendants were indebted to the plaintiff in the sum of $9,535 for labor and materials provided to the defendants by the plaintiff. The writ was dated June 17, 1964 and was filed in the Washington County Court.

Upon the defendants' filing of a motion to dismiss this action for lack of jurisdiction, and insufficiency of service of process, and before hearing was held on such motion, the plaintiff brought another civil action in the Washington County Court by writ dated July 28, 1964. In this second writ, the plaintiff alleged that the defendants waived the defense of sovereign immunity and that the defendants were withholding sums of money due to the plaintiff under a certain construction contract.

The defendants then moved to dismiss on the grounds presented here: (1) the State of Vermont is immune from suit and had not waived the grounds of sovereign immunity; (2) that a prior action was still pending between the parties concerning the same facts, and (3) the plaintiff's second cause of action in its second suit is an action for tort for recovery of money for a debt, which action will not lie.

Plaintiff and defendants entered into an Agreed Statement of Facts, and the motion was heard by Washington County Court, Judge Natt L. Divoll, Jr., presiding, on April 29, 1966. Findings of Fact were filed by the court which were identical to the Agreed Statement of Facts and the motion of the defendants to dismiss was denied. No judgment order was filed.

On July 6, 1966 a hearing was held in the Washington County Court on the plaintiff's second civil action, with Judge Dale W. Brooks presiding. Findings of Fact were filed identical with those previously

made by Judge Divoll, except that these Findings state that this hearing was "held upon the merits" of the case.

At the close of the evidence, but before Findings of Fact were made, the defendants moved that the actions of the plaintiff against them be dismissed. This motion was based on the ground that the plaintiff had not complied with the terms of the contract between the parties, upon which contract was based the second complaint of the plaintiff. Specific reference was made to a section of the contract between the parties which stated that if a dispute arose between the parties out of the contract that the Chief Engineer of the Department of Highways should act as referee between the parties thereto, and that the decision of such Chief Engineer should be final and binding between the parties. It was the contention of the defendants that the contractual dispute, the basis of the action, had never been submitted to the Chief Engineer by the plaintiff as the contract provided.

In its Findings of Fact the Washington County Court granted the Motion to Dismiss made by the defendants. The Judgment Order dismissed both actions brought by the plaintiff against the defendants in accordance with defendants' motion.

The plaintiff in its appeal here from the Washington County Court, has presented two questions for our determination. One such question is "Are the defendants immune from suit because of the Doctrine of Sovereign Immunity under the facts presented in this case?"

This ground for dismissal of the actions was advanced by the defendants only at the hearing of April 29, 1966 before the Washington County Court, Judge Divoll presiding. It was not advanced as a ground in defendants' oral motion for dismissal of the complaints of the plaintiff in the hearing of the Washington County Court on July 6, 1966, with Judge Brooks presiding.

■ The Findings of Fact filed by Judge Divoll which denied the motion of the defendants to dismiss the complaints of the plaintiff on the ground of sovereign immunity was an interlocutory order, with no appeal as a matter of right to this Court. However, in argument before this Court, the defendants specifically waived the question of sovereign immunity. That issue having been disposed of adversely to the defendants, the plaintiff is without grounds to raise it here.

The main contention in the brief of the plaintiff is that the judgment order of February 27, 1967 is not supported by the Findings of Fact. The judgment order referred to reads in part as follows:

"In consideration of the testimony and the arguments of counsel and findings of fact, it is hereby ORDERED and ADJUDGED that the defendant's motion to dismiss is granted and plaintiff's cause of action filed in Washington County Court against defendant State, Number 12175 is dismissed."

Also dismissed in such order is plaintiff's action against the State, No. 12363 on the Washington County Court docket.

■ This motion of the defendants for dismissal of the actions of the plaintiff, as we have already observed, was made at the close of the evidence, but before findings of fact were made, at the hearing in the Washington County Court on July 6, 1966. The motion was premature, since it was made before the findings of fact were prepared and filed, and should have been denied. *New England Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 122-123, 149 A.2d 734.

■ However, since there must be a reversal and remand of the cause, we also note that if the motion of the defendants had been timely, the judgment order dismissing the complaints of the plaintiff, was not supported by the findings of fact filed by the court.

The record before us disclosed that the question presented to the lower court in the hearing on the merits of July 6, 1966 was whether the plaintiff had complied with its contract with the State, as was its claim, and thus was entitled to the balance of the contract payment which it sought. The contention of the defendants was that the plaintiff had not complied with the specifications of the contract and was not entitled to the payment demanded.

The particular questions presented on the matter of contractual compliance involved certain provisions in the Department of Highways "Standard Specifications for Highway and Bridge Construction" admittedly a part of the contract, and an exhibit in the case. One was whether, under such specifications, it was the duty of the plaintiff to repair at its own expense the damage resulting to the damaged water system, in view of the distance of the highway construction from the site of the water supply. It was also the contention of the defendants that under Section 5.02 of the Standard Specifications that the issue

of whether the plaintiff was obligated to repair the damaged water system should have been presented to the Chief Engineer of the Department of Highways by the plaintiff, whose decision in the matter would have been final and binding.

While the lower court stated the case was heard "on the merits," the findings of fact of the court, incorporating the agreed facts, do not support a final order on the merits of the case. Missing from the facts found is a determination of whether or not the dispute between the parties was submitted to the Chief Engineer of the Department of Highways, as specified in the contract between them. A judgment order must be supported by the findings of fact. *Neverett* v. *Towne*, 123 Vt. 45, 53, 179 A.2d 583.

"The court has power to set aside the submission of an agreed case if material facts are omitted from the agreed statement of facts, or other good cause exists. If this is done on the ground of omission of material facts, the court may permit the parties to supply the necessary facts by way of another submission, or as evidence on a trial of the cause." 3 Am. Jur. 2nd Agreed Case §27.

*The entry is "Reversed and Remanded."*