Am. Indoor Air Quality Assessment Services, Ltd. v. The Ozone Man, Inc., No. 207-9-09 Oecv (Devine, J., Mar. 5, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT
### ORANGE COUNTY

| | | |
|---|---|---|
| AMERICAN INDOOR AIR QUALITY ASSESSMENT SERVICES, LTD. and FRANCIS FINIGAN | ) ) ) ) | Orange Superior Court Docket No. 207-9-09 Oecv |
| v. | ) ) | |
| THE OZONE MAN, INC. and HALDEN SHANE | ) ) | |

Decision Re: Motion to Dismiss

The present question in this business dispute is whether the complaint—filed in Vermont on September 28, 2009—must be dismissed because one of the defendants filed their own complaint in California ten days earlier. Defendants argue that dismissal is required under the rule of "exclusive concurrent jurisdiction" because the complaints involve the same parties and the same common nucleus of operative facts.

The relevant facts are as follows. Plaintiffs filed the present complaint in Vermont on September 28th. It was served on all parties by October 6th. Plaintiffs allege in the complaint that they provided consulting services to defendants in exchange for various forms of compensation, including fees, shares of restricted stock, and stock options. Plaintiffs further allege that when they attempted to exercise their stock options, defendants refused to issue any additional shares and disclosed, for the first time, that the stock-option program did not actually exist. Defendants also allegedly refused to remove trading restrictions from the shares that had already been issued. Plaintiffs contend that these actions constituted breach of the consulting agreement, consumer fraud, and common-law fraud.

Defendant The Ozone Man, Inc. filed its own complaint in California on September 18th. It was not served on all of the defendants until October 16th. In this complaint, The Ozone Man alleged that it was the above-captioned plaintiffs who breached the consulting agreement by failing to provide a number of the consulting services they had promised. The Ozone Man sought remedies including rescission of the consulting agreement and cancellation of the existing shares of restricted stock.

Defendant Halden Shane is the president of The Ozone Man. He is not named as a party in the California complaint, since he did not sign the consulting agreement in his individual capacity. He is named as a defendant in the Vermont complaint on the counts for consumer fraud and common-law fraud.

Defendants have not yet answered the Vermont complaint. Instead, they filed a motion under V.R.C.P. 12(b)(1) contending that the Vermont complaint must be dismissed under the rule of "exclusive concurrent jurisdiction." Their argument is that this court lacks subject matter jurisdiction because the California complaint was filed first.

I.

The rule of "exclusive concurrent jurisdiction" is a California procedural rule providing that "when two California superior courts have concurrent jurisdiction over the subject matter and all parties involved in litigation, the first to assume jurisdiction has exclusive and continuing jurisdiction over the subject matter and all parties involved until such time as all necessarily related matters have been resolved." *In re B.S.*, 172 Cal.App.4th 183, 190 (Cal.Ct. App. 2009) (quoting *Garamendi v. American Autoplan, Inc.*, 20 Cal.App.4th 760, 769–70 (Cal. Ct. App. 1993). The rule is intended to avoid parallel litigation and potentially inconsistent judgments between courts. See *Scott v. Industrial Accident Commission*, 293 P.2d 18, 21 (Cal. 1956) (applying rule to avoid parallel litigation in a superior court and an independent commission).

Neither party has questioned whether this California procedural rule applies beyond the context of two lawsuits filed within the State of California. Yet this is an important question because the "exclusive concurrent jurisdiction" rule is related to the defense of abatement. *Garamendi*, 20 Cal.App.4th at 770. It is well-settled that abatement is only available as a defense when the second complaint is filed within the same state or jurisdiction as the first. 1 Am. Jur. 2d Abatement, Survival and Revival § 6.

Indeed, it appears to be the general rule in both California and Vermont that "the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state even though both suits are between the same parties and upon the same cause of action." *Simmons v. Superior Court*, 214 P.2d 844, 848–49 (Cal. Ct. App. 1950); see also *Stevens v. Essex Junction Zoning Bd. of Adjustment*, 139 Vt. 297, 300 (1981) (explaining that abatement requires a showing as to "[t]he pendency of a former action in a court of competent jurisdiction <u>within the same state or jurisdiction</u>, between the same parties, and involving the same subject matter and cause of action, . . .") (quoting *Lalime v. Desbiens*, 115 Vt. 165, 169 (1947) (emphasis added)). This makes sense because every state is sovereign; the mere existence of a civil action in one state is not enough to "deprive" another state of its general subject-matter jurisdiction to hear and resolve the disputes filed in its courts. Restatement (Second) of Conflict of Laws § 86.

It follows that the mere pendency of a prior action in California does not require dismissal of a subsequent action in Vermont under either a theory of abatement or the rule of "exclusive concurrent jurisdiction."[1]

II.

As a matter of comity, however, it is the general custom for state courts to *stay* proceedings where it appears that there is a prior action pending in another state involving the same parties and the same nucleus of operative facts. Restatement (Second) of Conflict of

---

[1] The policies against double liability and conflicting judgments are not without protection: the principles of preclusion and full faith and credit provide that once a final judgment is issued by the courts of one state, it bars further prosecution of a second action in another state. Restatement (Second) of Conflict of Laws § 86. The difference is that successive litigation is not prohibited until the first judgment is actually handed down.

2

Laws § 86. A discretionary stay ensures that litigation remains confined to the forum in which it is first commenced, and that defendants are not "permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing." *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970).

A stay is equitable in nature, and it is generally appropriate to consider all of the facts and circumstances before ruling on a request for a stay. *Id.* Among the relevant inquiries are whether the parties are the same, whether the operative facts are the same, whether the other court has exercised jurisdiction over the matter, and whether there are any other special circumstances that might warrant departure from the ordinary rule that the "the case filed earliest will take priority." *Employers Ins. Co. v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 274 (2d Cir. 2008).

Here, there are discrepancies between the parties and the causes of action asserted in the complaints. There is also an allegation that the California complaint was filed only after plaintiffs informed defendants that they intended to pursue legal action in order to enforce their rights as stockholders. Cf. *EEOC v. University of Pennsylvania*, 850 F.2d 969, 976 (3d Cir. 1988) (explaining that one of the circumstances that warrants departure from the ordinary rules of priority is when it appears that a party has filed first "in anticipation of the opposing party's imminent suit in another, less favorable forum"). As a result, this appears to be one of those cases where a nuanced analysis is necessary in order to ensure that an important venue determination does not turn upon an unseemly and hasty race to the courthouse.

This court declines to undertake that nuanced analysis at this time. The motion to dismiss does not seek a stay of the Vermont action under the guidelines set forth above, and the parties have not briefed or argued the issues that would be necessary to an informed decision. It does not make sense to grant or deny a stay on the present record.

It has been represented to this court that the above-captioned plaintiffs have sought either dismissal or a stay of the California action, and that the Los Angeles Superior Court has set the motion for a hearing on March 13th. Once the Los Angeles Superior Court has ruled on that motion, this court will entertain any renewed requests for a stay of this proceeding. In the meantime, the motion to dismiss is denied.

## ORDER

Defendant's Motion to Dismiss (MPR #1), filed Dec. 29, 2009, is ***denied***.

Dated at Chelsea, Vermont this 5th day of March, 2010.

_____
Hon. Thomas J. Devine
Presiding Judge

3